UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA

Fill in this information to identify your case:

| | | | | |
|---|---|---|---|---|
| Debtor 1: | Ella | Louise | Johnson | |
| | First Name | Middle Name | Last Name | |
| Debtor 2: | | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |
| Case Number: | | | | |
| (If known) | | | | |
| SSN# Debtor 1: XXX-XX- | xxx-xx-7939 | | | |
| SSN# Debtor 2: XXX-XX- | | | | |

☐ Check if this is an amended plan, and list below the sections of the plan that have changed.

# CHAPTER 13 PLAN

**Section 1:** Notices.

To Debtors: This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable. *You must check each box that applies in § 1.1 and 1.3 below. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 4, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest will be done by separate motion or adversary proceeding. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions set out in Section 9 | ☐ Included | ☑ Not Included |

To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You will need to file a proof of claim in order to be paid under any plan. Official notice will be sent to Creditors, which will provide the name and address of the Trustee, the date and time of the meeting of creditors, and information regarding the filing of proofs of claim.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least seven days before the date set for the hearing on confirmation. You will receive notification from the Bankruptcy Court of the date set for the hearing on confirmation. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

The applicable commitment period is:

☑ 36 Months

☐ 60 Months

The amount that allowed priority and non-priority unsecured claims would receive if assets were liquidated in a Chapter 7 case, after allowable exemptions, is estimated to be $ __0.00__ .

**Section 2:** Payments.

2.1  The Debtor will make payments to the Trustee as follows:

**$1,455.00** per **Month** for **60** month(s)

Additional payments __NONE__

2.2 The Debtor shall commence payments to the Trustee within thirty (30) days from the date the petition was filed. If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to pay creditors as specified in this plan.

## Section 3: Fees and Priority Claims.

3.1 Attorney fees.

☑ The Attorney for the Debtor will be paid the presumptive base fee of $__4,500.00__. The Attorney has received $__500.00__ from the Debtor pre-petition and the remainder of the fee will be paid monthly by the Trustee as funds are available.

☐ The Attorney for the Debtor will be paid a reduced fee of $____. The Attorney has received $____ from the Debtor pre-petition and the remainder of the fee will be paid monthly by the Trustee as funds are available.

☐ The Attorney for the Debtor will file an application for approval of a fee in lieu of the base fee.

3.2 Trustee costs. The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

3.3 Priority Domestic Support Obligations ("DSO").

a. ☑ None. If none is checked, the rest of Section 3.3 need not be completed or reproduced.

3.4 Other Priority Claims to be Paid by Trustee.

a. ☑ None. If none is checked, the rest of Section 3.4 need not be completed or reproduced.

b. To Be Paid by Trustee

| Creditor | Estimated Priority Claim |
|---|---|
| Internal Revenue Service | $0.00 |
| Jeff Sessions | $0.00 |
| NC Department of Revenue | $0.00 |
| Randolph County Tax Dept. | $0.00 |
| United States Attorney's Office | $0.00 |

## Section 4: Secured Claims.

4.1 Real Property – Claims Secured Solely by Debtor's Principal Residence.

a. ☑ None. If none is checked, the rest of Section 4.1 need not be completed or reproduced.

4.2 Real Property – Claims Secured by Real Property Other Than by Debtor's Principal Residence AND Claims Secured by Debtor's Principal Residence and Additional Collateral.

a. ☐ None. If none is checked, the rest of Section 4.2 need not be completed or reproduced.

b. ☑ Maintenance of Payments and Cure of Default.

Proofs of claim should reflect arrearage through the petition date. For accounts that are in default the Trustee will commence disbursements of installment payments the month after confirmation and any filed arrearage claims will be adjusted accordingly. Amounts stated on a proof of claim as adjusted to include post-petition payments through the month of confirmation, will control over any contrary amounts listed below for the installment payment and the arrearage.

| Creditor | Collateral | Current Y/N | Installment Payment | Estimated Arrearage Amount on Petition Date | If Current, Indicate by Debtor or Trustee |
|---|---|---|---|---|---|
| | | | | | |

| Creditor | Collateral | Current Y/N | Installment Payment | Estimated Arrearage Amount on Petition Date | If Current, Indicate by Debtor or Trustee |
|---|---|---|---|---|---|
| **State Employees' Credit Union** | **7082 Texas Blvd. Thomasville, NC 27360 Randolph County<br>Value determined by Randolph County Tax Records<br>Debtor** | N | **$995.00** | **$14,000.00** | Trustee |
| **The Commons at Colonial Village HOA** | **7082 Texas Blvd. Thomasville, NC 27360 Randolph County<br>Value determined by Randolph County Tax Records<br>Debtor** | N | **$10.00** | **$814.14** | Trustee |

c. ☐ Claims to be Paid in Full by Trustee.

| Creditor | Collateral | Estimated Claim | Monthly Payment | Monthly Escrow Payment | Interest Rate |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

d. ☑ Request for Valuation to Treat Claims as Secured to the Value of the Property and any Amount in Excess as Unsecured. *This will be effective only if the applicable box in Section 1.1 of this plan is checked.*

| Creditor | Collateral | Value of Property | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Monthly Payment to Creditor | Interest Rate |
|---|---|---|---|---|---|---|
| **NC Housing Finance Agency** | **7082 Texas Blvd. Thomasville, NC 27360 Randolph County<br>Value determined by Randolph County Tax Records<br>Debtor** | **$133,585.00** | **$140,185.14** | **$0.00** | **$0.00** | **0.00%** |

4.3   Personal Property Secured Claims.

   a. ☑ None. If none is checked, the rest of Section 4.3 need not be completed and reproduced.

The Debtor requests that the Court determine the value of the secured claims listed as set forth in Sections 4.1.d, 4.2.d, and 4.3.d as applicable. For each non-governmental secured claim listed above, the Debtor states that the value of the secured claim should be set out in the column headed Amount of Secured Claim. For secured claims of governmental units only, unless otherwise ordered by the Court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed above. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated above.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Section 6 of this plan. If the amount of a creditor's secured claim is listed above as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Section 6 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in Section 4.

The holder of any claim listed in Section 4 as having value in the column headed Amount of Secured Claim will retain the lien on the property interest of the Debtor or the estate until the earlier of:

   (a) payment of the underlying debt determined under non-bankruptcy law, or

   (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

**Section 5:**   Collateral to be Surrendered.

a. ☑ None.  If none is checked, the rest of Section 5 need not be completed or reproduced.

## Section 6:   Nonpriority Unsecured Claims.

6.1   Nonpriority Unsecured Claims Not Separately Classified.

Allowed nonpriority unsecured claims will be paid pro rata with payments to commence after priority unsecured claims are paid in full.

a. ☑ The estimated dividend to nonpriority unsecured claims is   **0**  %.

b. ☐ The minimum sum of $____ will be paid pro rata to nonpriority unsecured claims due to the following:

☐ Liquidation Value

☐ Disposable Income

☐ Other

6.2   Separately Classified Nonpriority Unsecured Claims.

a. ☑ None.  If none is checked, the rest of Section 6.2 need not be completed or reproduced.

## Section 7:   Executory Contracts and Unexpired Leases.

a. ☑ None.  If none is checked, the rest of Section 7 need not be completed or reproduced.

## Section 8:   Local Standard Provisions.

8.1   a. The Trustee shall collect and disburse payments in accordance with the plan.
   b. Proofs of claim must be filed to receive disbursements pursuant to the plan.  Any claim to be paid as secured must contain evidence of a properly perfected lien on property of the estate.  If a claim is listed as secured and the creditor files an unsecured claim, the claim will be treated as unsecured.
   c. Any creditor holding an allowed secured claim and to whom the Debtor is surrendering property under the order confirming plan is granted relief from the automatic stay as to the property and relief from any co-debtor stay so the creditor may obtain possession and liquidate the property.  Any net proceeds, after payment of liens and costs of liquidation, are to be forwarded to the Trustee.
   d. All payments being made by the Trustee on any claim secured by real or personal property shall terminate upon the lifting of the automatic stay with respect to the affected property.
   e. Notwithstanding the allowance of a claim as secured, all rights under Title 11 to avoid liens are reserved and confirmation of the plan is without res judicata effect as to any action to avoid a lien.
   f. Notwithstanding 11 U.S.C. § 1327(b), all property of the estate as specified by 11 U.S.C. §§ 541 and 1306 shall continue to be property of the estate following confirmation until the earlier of discharge, dismissal, or conversion of the case.
   g. Confirmation of the plan shall not prejudice the right of the Debtor or Trustee to object to any claim.
   h. The Debtor must promptly report to the Trustee and must amend the petition schedules to reflect any significant increases in income and any substantial acquisitions of property such as inheritance, gift of real or personal property, or lottery winnings.

8.2   THE FOLLOWING ADDITIONAL PROVISIONS ARE APPLICABLE TO THE HOLDER OR SERVICER ("HOLDER") OF A CLAIM SECURED BY A DEED OF TRUST, A MORTGAGE OR SECURITY INTEREST IN REAL PROPERTY, OR A MOBILE HOME THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE:

a. The Holder, upon confirmation, is precluded from imposing late charges or other default related fees based solely on pre-confirmation default.

b. If the Trustee is disbursing ongoing monthly installment payments, the Holder must apply each ongoing payment to the month in which the payment is designated.

c. For any loan with an escrow account, the Holder must prepare and must send an escrow analysis annually to the Debtor, the Trustee and the Debtor's attorney.  The first escrow analysis must be filed with the proof of claim in accordance with Bankruptcy Rule 3002.1.  The escrow analysis should not include any amounts that were included or should have been included in the arrearage claim.

    d. The Holder shall continue to send monthly statements to the Debtor in the same manner as existed pre-petition and such statements will not be deemed a violation of the automatic stay.

    e. The Holder is required, upon request, to provide account information to the Trustee within 21 days of the request and failure to provide a timely response may result in an order requiring the Holder to appear and show cause as to why Holder should not be sanctioned for failure to comply.

    f. Nothing herein shall modify Holder's responsibilities under Bankruptcy Rule 3002.1.

    g. Unless the Court orders otherwise, an order granting a discharge in the case shall be a determination that all pre-petition and post-petition defaults have been cured and the account is current and reinstated on the original payment schedule under the note and security agreement as if no default had ever occurred.

    h. PENALTY FOR FAILURE OF HOLDER TO COMPLY WITH THE REQUIREMENTS OUTLINED IN BANKRUPTCY RULE 3002.1. Without limitation to the Court's authority to afford other relief, any willful failure of the Holder to credit payments in the manner required by Bankruptcy Rule 3002.1 or any act by the creditor following the entry of discharge to charge or collect any amount incurred or assessed prior to the filing of the Chapter 13 Petition or during the pendency of the Chapter 13 case that was not authorized by the order confirming plan or approved by the Court after proper notice, may be found by the Court to constitute contempt of Court and to be a violation of 11 U.S.C. § 524(i) and the injunction under 11 U.S.C. § 524(a)(2).

**Section 9:** Nonstandard Plan Provisions.

    a. ☑ None. If none is checked, the rest of Section 9 need not be completed or reproduced.

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in MDNC Local Form 113, other than any nonstandard provisions included in Section 9.

Signature(s):

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

X **/s/ Ella Louise Johnson**　　　　　　　　　　X _____
   **Ella Louise Johnson**　　　　　　　　　　　　   Signature of Debtor 2
   Signature of Debtor 1

   Executed on  **July 5, 2018**　　　　　　　   Executed on _____
                       mm/dd/yyyy　　　　　　　　　　　                    mm/dd/yyyy

**/s/ Damon Duncan**　　　　　　　　　　　　Date:  **July 5, 2018**
**Damon Duncan**
Signature of Attorney for Debtor(s)

Address:   **628 Green Valley Rd. #304**
              **Greensboro, NC 27408**
Telephone:  **336-856-1234**
State Bar No:  **39650 NC**

UNITED STATES BANKRUPTCY COURT
Middle District of North Carolina

In re: **Ella Louise Johnson**                                    )   Case No.
                                                                  )
       **7082 Texas Blvd.**                                       )
              (address)                                           )
       **Thomasville NC 27360-0000**                              )   CHAPTER 13 PLAN
SS# XXX-XX- **xxx-xx-7939**                                       )
SS# XXX-XX- _____                                          )
                                                                  )
              Debtor(s)                                           )

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Notice to Creditors and Proposed Plan was served by first class mail, postage prepaid, to the following parties at their respective addresses:

**Reid Wilcox**
**Clerk of Court**
**U.S. Bankruptcy Court**
**Middle District of North Carolina**
**P.O. Box 26100**
**Greensboro, NC 27402**
**Anita Jo Kinlaw Troxler**
**Chapter 13 Trustee**
**Greensboro Division**
**Post Office Box 1720**
**Greensboro, NC 27402-1720**

**American Honda Finance**
**Attn: Officer**
**8601 McAlpine Park Drive, #200**
**Charlotte, NC 28211**
**AT&T**
**P.O. Box 105503**
**Atlanta, GA 30348**
**Capital One**
**Attn: Officer**
**P.O. Box 71083**
**Charlotte, NC 28272**
**Capital One**
**Attn: Officer**
**P.O. Box 71083**
**Charlotte, NC 28272**
**Cornerstone Health Care**
**Attn: Officer or Managing Agent**
**1701 Westchester Drive**
**High Point, NC 27260**
**Credit One Bank**
**P.O. Box 98873**
**Las Vegas, NV 89193**
**Direct TV**
**Attn: Officer or Managing Agent**
**P.O. Box 5007**
**Carol Stream, IL 60197**
**Duncan Law LLP**
**628 Green Valley Rd**
**Suite 304**
**Greensboro, NC 27408**
**Equifax, Inc**
**Attn: Bankruptcy Notification**
**P.O. Box 740241**
**Atlanta, GA 30374**
**Experian**

**Attn: Bankruptcy Notification**
**PO Box 9701**
**Allen, TX 75013**

**Finger Hut**
**Attn: Officer or Managing Agent**
**7075 Flying Cloud Drive**
**Eden Prairie, MN 55344**

**Forsyth Medical Center Imaging**
**Attn: Officer or Managing Agent**
**250 Charlois Blvd**
**Winston Salem, NC 27103**

**Higgins Benjamin, PLLC**
**Attn: William P. Benjamin**
**301 N. Elm St., Suite 800**
**Greensboro, NC 27401**

**Homeowners Association Management, Inc.**
**Attn: Jason Rothrock**
**P.O. Box 19209**
**Greensboro, NC 27419**

**Honda Financial**
**Attn: Officer**
**13856 Ballantyne Corporate Place**
**Charlotte, NC 28277**

**Internal Revenue Service**
**Attn: Bankruptcy Unit**
**P.O. Box 7346**
**Philadelphia, PA 19114**

**Interstate Credit Collections**
**711 Coliseum Plaza Court**
**Winston Salem, NC 27106**

**Jeff Sessions**
**Attorney General of the United States**
**US Department of Justice**
**950 Pennsylvania Avenue NW**
**Washington, DC 20530-0001**

**Kohls**
**Attn: Officer & Managing Agent**
**P.O Box 3115**
**Milwaukee, WI 53201**

**Merrick Bank**
**Attn: Officer or Managing Agent**
**P.O. Box 1500**
**Draper, UT 84020**

**Navient**
**Attn: Officer or Managing Agent**
**PO Box 9635**
**Wilkes Barre, PA 18773**

**NC Department of Commerce**
**Division of Employment Security**
**Benefits Integrity**
**P.O. Box 25903**
**Raleigh, NC 27611**

**NC Department of Revenue**
**Attn: Bankruptcy Dept.**
**Post Office Box 25000**
**Raleigh, NC 27640**

**NC Housing Finance Agency**
**Attn: Officer/Managing Agent**
**P.O. Box 28066**
**Raleigh, NC 27611**

**Northstate Telecommunications**
**Attn: Officer or Managing Agent**
**111 North Main Street**
**High Point, NC 27260**

**Optimum Outcomes Inc**
**Attn: Officer or Managing Agent**

**P.O. Box 58015**
**Raleigh, NC 27658**
**Portfolio Recovery**
**287 Independence**
**Virginia Beach, VA 23462**
**Portfolio Recovery**
**287 Independence**
**Virginia Beach, VA 23462**
**Randolph County Tax Dept.**
**725 McDowell Road**
**Asheboro, NC 27205**
**Recievable Performance**
**20816 44 Avenue West**
**Lynnwood, WA 98036**
**State Employees Credit Union**
**Attn: Loan Servicing**
**P.O. Drawer 25279**
**Raleigh, NC 27611**
**State Employees' Credit Union**
**Attn: Officer**
**P.O. Box 27665**
**Raleigh, NC 27611**
**T-Mobile Bankruptcy Team**
**P.O. Box 53410**
**Bellevue, WA 98015-3410**
**The Commons at Colonial Village HOA**
**102 Maryland Drive**
**Thomasville, NC 27360**
**Time Warner Cable**
**118 E. State Ave**
**High Point, NC 27262**
**TransUnion**
**Attn: Bankruptcy Notification**
**P.O. Box 1000**
**Crum Lynne, PA 19022**
**United States Attorney's Office**
**Middle District of North Carolina**
**101 South Edgeworth Street - 4th Floor**
**Greensboro, NC 27401**
**Walmart/Synchrony**
**Attn: Officer or Managing Agent**
**P.O> Box 965024**
**El Paso, TX 79998**

Date  **July  5, 2018**                                      **/s/ Damon Duncan**
                                                             **Damon Duncan**